The judgment of the court was pronounced by
Eustis, C. J.
The plaintiff sues the defendant to recover the sum of $2750, alleged to be due him for professional services rendered her in the suit of Arnauld et al. v. Mme. Delachaise in the Court of the Third District, and in this court on the appeal.
The amount claimed by the plaintiff does not appear to be disputed, it being conceded that if the defendant is bound at all to pay the plaintiff his fee, it ought to be a liberal one.
The defence is, that she never employed the plaintiff in her case, but that he was employed by others interested in having the title established which was in controversy in that suit, inasmuch as they held lots under it.
The plaintiff recovered judgment for the amount sued for, and the defendant has taken this appeal.
The suit of Arnauld et al. v. Mme. Delachaise, reported in 4th Ann. 109, was instituted for the purpose of defeating the title under which the defendent and a number of other proprietors held a parcel of land in the parish of J efferson, which they had divided among themselves; the largest portion of which was held by the defendant. Judge Bullard was her counsel in the court of the first instance and tried the cause there. The cause was decided in favor of the plaintiffs, and on the motion for a new trial the plaintiff in this suit joined the *482 counsel for Mme. Delachaise in the application. On the appeal, both gentlemen argued the cause in this court; and the judgment of the district court was reversed, and the case decided in favor of Mme. Delachaise.
It appears that the plaintiff applied for the appeal, and filed the transcript of the record and became security for costs, and presented to the court an elaborate printed argument. Mme. Delachaise employed additional counsel in this court, Mr. Le Gardeur,who submitted a well prepared argument in support of the title under which she claimed.
It does not appear that the plaintiff had any direct communication with the defendant in relation to the suit, and the fact of her having employed him as her counsel is left on the presumptions arising from evidence which is circumstantial.
Under ordinary circumstances, the appearance of a member of the bar as the attorney of record in the place where the party resides would be evidence, as between the attorney and client, of his having been employed in a case in which the attorney had conducted the suit. But under the present circumstance this presumption is repelled by the fact of the defendant’s having had her own lawyers to manage her cause, and that the plaintiff’s professional services were secured by other parties in interest, who appear to have made common cause in the defence of their common title at issue in her suit.
On a careful examination of the testimony, we have come to the conclusion that the plaintiff was misled in supposing that he was employed by the defendant, and that the parties who engaged his services did so on their own account, and had no authority to bind the defendant. However valuable the services of "the plaintiff may have been, which do not appear to be underrated by the defendant herself, yet as she did not employ him or authorize any one else to employ him in her suit, the present action cannot be sustained.
It is therefore decreed, that the judgment of the district court be reversed, and that judgment be rendered for the- defendant, with costs in both courts.